■ JOHN W. BOWMAN, Respondent, v. JOHN S. PUIG et al., Doing Business as ALL AMERICAN GAS STATION, Appellants.— Order unanimously reversed on the law and in the exercise of discretion, without costs, and the motion is remanded to Special Term to make a determination, after taking proof as to all relevant facts and circumstances concerning the alleged service in 1957 of the amended complaint and the alleged oral consent or stipulation preceding it. The moving defendants are entitled to a dismissal of the complaint for lack of prosecution if no pleading was ever served upon their attorney. If Special Term finds that service of the amended complaint was duly made upon defendants' attorney, appropriate proceedings should be taken to join issue properly and to rectify the improper joinder of additional parties not named in the summons. Concur — Breitel, J. P., Rabin, M. M. Frank, Valente and Stevens, JJ.

■ JOSEPH I. SIMON, Respondent, v. JACOB VOGEL et al., Appellants.— Motion dismissed, having become academic by virtue of the decisions of this court in Simon v. Vogel (9 A D 2d 63). Concur — Breitel, J. P., Rabin, M. M. Frank, Valente and Stevens, JJ.

■ NATIONAL-U. S. RADIATOR CORPORATION, Respondent, v. EMERSON RADIO WESTCHESTER, INC., et al., Appellants.— Order unanimously affirmed, without costs. In the light of plaintiff's consent, defendant should obtain the examination it claims to need. Any examination, however, of witnesses shall be expeditiously conducted by the defendants. If the plaintiff fails or refuses to produce any officer or employee having knowledge of the facts, the defendants may renew the motion to strike the cause from the calendar. In the event that an examination is requested of a witness who has no knowledge or information concerning the transaction, an affidavit to that effect will suffice. Concur — Brietel, J. P., Rabin, M. M. Frank, Valente and Stevens, JJ.